# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ANGELE ROSE REID,** | * |
| | * |
| Plaintiff | * |
| | * |
| v. | CIVIL NO. PX-18-233 |
| | * |
| **NEW CENTURY MORTGAGE CORPORATION, et al.** | * |
| | * |
| Defendants | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Angele Rose Reid ("Plaintiff" or "Reid") brings this *pro se* action against New Century Mortgage Corporation a/k/a Deutsche Bank National Trust Company ("Deutsche Bank") and BWW Law Group, LLC ("BWW") to quiet title on the real property located at 2305 Norlinda Avenue, Oxon Hill, Maryland 20745 ("the Property"). Pending before the Court are Defendants' Motions to Dismiss the Complaint for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), ECF Nos. 9, 15, and Plaintiff's Motion Requesting the Court to Appoint a Mediator, ECF No. 20. The issues have been briefed, ECF Nos. 9, 12, 15, 16, 18, 20, 21, 22, and no hearing is required, *see* Local Rule 105.6 (D. Md. 2016). For the reasons explained below, the Motions to Dismiss are granted and the Motion Requesting the Court to Appoint a Mediator is denied as moot.

*I. Overview[1]*

Plaintiff is the former owner of the Property. ECF No. 1 ¶¶ 2, 17 ("Compl."). On October 26, 2006, the Property was conveyed via warranty deed to Cheryl Johnson. *See* ECF No. 9-3. To purchase the Property, Johnson secured a loan from New Century Mortgage Corporation for $403,750.00 and executed a deed of trust conveying legal title to the Property and the right to foreclose upon default. *See* ECF No. 15, Ex. B. This deed of trust was later assigned to Defendant Deutsche Bank, as trustee for a securitized pool of loans.[2] *See* Compl. ¶¶ 8, 9; ECF No. 15, Ex. C.

Soon after Johnson purchased the Property, she became delinquent on her loan. Compl. ¶ 80. As a result, Deutsche Bank began sending foreclosure notices to the Property, where Reid still resided. *Id*. ¶¶ 80-91. In May 2007, Reid recorded a Notice of Revocation of Power of Attorney and Rescission and Cancellation of Foreclosure Consultant Contract and Foreclosure Conveyance Deed, pursuant to which she purportedly rescinded the warranty deed that had transferred title to Johnson. *See* ECF No. 15, Ex. D.

Johnson ultimately defaulted on her loan with Deutsche Bank. Compl. ¶ 80. In response, BWW and Deutsche Bank initiated formal foreclosure proceedings on the Property in September 2015. *WBGLMC v. Johnson*, CAEF15-26303 (Cir. Ct. Prince George's Cty., Md. Sept. 15,

---

[1] The Court takes the following facts from Plaintiff's Complaint, ECF No. 1, the prior litigation between the parties, and the public records attached to the Defendants' Motions to Dismiss, ECF Nos. 9, 15. The Court may consult these documents in ruling on the Defendants' Motions without converting the motions into ones for Summary Judgment. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record."); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citations omitted).

[2] Deutsche Bank served as trustee to the securitized pool of loans referred to as Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-Through Certificates, Series 2007-BR1, at C/O Ocwen Loan Servicing LLC. *See* ECF No. 15, Ex. C.

2015).[3] The Property was sold at a foreclosure sale to Deutsche Bank and Plaintiff was evicted from the Property on January 2, 2018. Compl. ¶ 99. Throughout the period from conveyance to foreclosure sale, however, several lawsuits ensued. Each is recounted below.

### a. First Lawsuit

Deutsche Bank filed suit against Reid and Johnson in the Circuit Court for Prince George's County on June 16, 2011. *Deutsche Bank Nat'l Trust v. Reid*, CAE11-14694 (Cir. Ct. Prince George's Cty., Md. June 22, 2011) (the "First Lawsuit").[4] In the First Lawsuit, Deutsche Bank sought declaratory judgment to confirm that the Deed of Trust which Johnson assigned as security "is a valid and enforceable interest/encumbrance/lien against the Property;" that Reid maintained "no claim or rescissionary interest in the Property affecting Deutsche Bank's interest;" and that "Deutsche Bank (as secured party under the Deed of Trust) has superior, right, title, and interest." *See* ECF No. 9-6. Reid filed counterclaims against Deutsche Bank and cross-claims against Johnson, requesting declaratory and injunctive relief for quiet title. ECF No. 9-7. Specifically, Reid sought confirmation that she "is the absolute owner of the property," that "any deed recorded by defendant Cheryl R. Johnson as a result of the purported transfer of the property is void ab initio," and that "[Reid] has complete, sole, and uninterrupted ownership and rights in the property. . . ." *See id.* at 23-24.

Thereafter, Reid, through counsel, entered into a settlement agreement with Deutsche Bank on or about February 23, 2012. ECF No. 9-9 at 3-4. The parties agreed that Reid would release her claims against Deutsche Bank and would pay monthly forbearance fees of $1,500 for

---

[3] The docket of the Foreclosure Action is available by search at http://casesearch.courts.state.md.us/casesearch/inquiry-index.jsp (last visited Sept. 14, 2018). Defendant Deutsche Bank also attached a copy of the docket as an exhibit to its Motion to Dismiss. *See* ECF No. 15, Ex. P.
[4] The First Lawsuit is cited herein as ECF Nos. 9-6 (Deutsch Bank Compl. June 26, 2011); 9-7 (Reid's Answer and Cross-cl. and Countercl. Sept. 19, 2011), 9-8 (Order from Cir. Ct. for Prince George's Cty., Md. July 23, 2012); and 9-9 (Op. of the Md. Ct. Spec. App June 4, 2014).

four months. Reid also was permitted to refinance the loan at any time prior to July 1, 2012. *Id*. The settlement agreement further provided that if Reid failed to make timely forbearance payments, Reid would withdraw her Notice of Rescission, ratify her conveyance to Johnson, release to Deutsche Bank any claim, right, title and interest in the Property, and vacate the Property. *Id*. at 4.

Reid failed to remit the forbearance payments as required. *Id*. at 4. Consequently, on June 15, 2012, Deutsche Bank moved in the Circuit Court to enforce the agreement, which the court granted. *Id*. at 5. In particular, the court struck Reid's May 2007 Notice of Rescission, ratified the conveyance to Johnson, dismissed Reid's claims against Deutsche Bank with prejudice, and directed Reid to vacate the property. ECF No. 9-8. Reid unsuccessfully moved for reconsideration and then appealed the court's decision. ECF No. 9-9 at 2. On June 4, 2014, the Maryland Court of Special Appeals issued a thirteen-page opinion affirming the Circuit Court. *Id*.

### b. *Second Lawsuit*

On July 12, 2012, Reid filed suit in this Court against Deutsche Bank, Cheryl Johnson, and BWW's predecessor in interest, the firm of Bierman, Geesing, Ward & Wood, LLC.[5] *See Reid v. New Century Mortg. Corp.*, Civ. No. AW-12-2083, 2012 WL 6562887, at *1 (D. Md. Dec. 13, 2012) (the "Second Lawsuit").[6] In this action, Reid sought to quiet title on the Property and also asserted federal statutory claims against BWW under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA"). ECF No. 9-10 at 18, 19, 22. This Court dismissed

---

[5] In its Motion to Dismiss, Defendant BWW notes that its former name was Bierman, Geesing, Ward & Wood, LLC. ECF No. 9-1 at 11 n.2. It also attached its Articles of Amendment as an exhibit demonstrating as much. *See* ECF No. 9-18. Plaintiff does not dispute this fact, and therefore the Court will refer to "BWW" as one of the named defendants in the Second Lawsuit.
[6] The Second Lawsuit is cited herein as ECF Nos. 9-10 (Compl. July 12, 2012); 9-11 (Op. by Judge Williams Dec. 13, 2012).

4

the claims as barred on *res judicata* grounds because the First and Second Lawsuits involved the same parties and "essentially equivalent" claims. ECF No. 9-11 at 5. In so doing, this Court rejected Reid's contention that the state court's judgment did not amount to adjudication on the merits because the prior court merely enforced a settlement agreement. *Id*. This Court reasoned:

> Instead of litigating these claims, Plaintiff opted to settle the case. The settlement gave Plaintiff a chance to keep the property. Plaintiff squandered this opportunity by failing to make the agreed-upon mortgage payments even though she received an option to pay off the second mortgage for an amount that was no greater than her original one. Consequently, [Deutsche Bank] moved to enforce the settlement agreement, which the state court granted. The state court also ratified the conveyance to Johnson and dismissed Plaintiff's counterclaims with prejudice. Thus, the state court's decision had substantive impact and reflects a final resolution of all issues in the suit.

*See id*. at 5-6. This Court also dismissed the FDCPA claims against BWW as time-barred and otherwise not pleaded with sufficient specificity to survive challenge, and closed the case with prejudice. ECF No. 9-11 at 7, 9.

### c. Third Lawsuit

On March 15, 2016, Reid filed a separate action against Deutsche Bank and Ocwen Loan Servicing in Prince George's County Circuit Court regarding the same Property. *See Reid v. New Century Mortg. Corp*., CAE16-07557 (Cir. Ct. Prince George's Cty., Md. Mar. 15, 2016) (the "Third Lawsuit").[7] Reid again petitioned the court to quiet title on the Property, alleging that Defendants are "not Holder/holder in Due Course of the 'authentic original unaltered Promissory Note'" and "Plaintiff specifically challenges the debt instrument that give[s] rise to any lien instrument." ECF No. 9-12 at 1-2. On May 4, 2016, the Circuit Court for Prince George's County summarily dismissed the Complaint with prejudice. ECF No. 9-13.

---

[7] The Third Lawsuit is cited herein as ECF Nos. 9-12 (Action to Quiet Title Mar. 15, 2016); 9-13 (Order May 4, 2016).

### d. Fourth Lawsuit

On September 28, 2016, Reid once again filed suit, this time only against the loan servicer, Ocwen, in Prince George's County Circuit Court. *See Reid v. Ocwen Loan Servicing, LLC*, Civ. No. GJH-16-3717, 2017 WL 3475676, at *1 (D. Md. Aug. 11, 2017) (the "Fourth Lawsuit").[8] In this suit, Reid alleged (for now the third time) that Defendant is "NOT Holder/holder in Due Course of the 'authentic original unaltered Promissory Note,'" and that "Plaintiff specifically challenges the debt instrument that give[s] rise to any lien instrument." ECF No. 9-14 at 1-2. Reid also made vague and conclusory allegations that the parties had not achieved a "meeting of the minds as to the contract agreement," and that the agreement was obtained "by misrepresentation of a material fact." *Id.* at 3. Defendant Ocwen removed the suit to this Court and moved to dismiss the claims as barred by res judicata. *See* ECF No. 9-15. The Court agreed that Reid's complaint was indeed precluded on res judicata grounds and dismissed the lawsuit with prejudice. *Id*. at 5-6.

### e. The Foreclosure Action

On September 15, 2015, BWW and Deutsche Bank filed a proposed Order to Docket foreclosure against the Property. *See WBGLMC v. Johnson*, CAEF15-26303 (Cir. Ct. Prince George's Cty., Md. Sept. 15, 2015). The publicly-available Circuit Court docket reflects that the court denied all of Reid's objections to the foreclosure sale, and on February 15, 2017, entered an order ratifying the sale. *See id*. On March 16, 2017, Reid moved to Intervene and to Vacate the Order Ratifying the Foreclosure Sale, which the Circuit Court denied on August 7, 2017. *See id.*

---

[8] The Fourth Lawsuit is cited herein as ECF Nos. 9-14 (Action to Quiet Title Sept. 28, 2016); 9-15 (Op. by Judge Hazel Aug. 11, 2017).

### f. The Present Lawsuit

On January 24, 2018, Plaintiff filed the currently pending Complaint against Deutsche Bank, as trustee of the loan, and BWW Law Group, LLC, the law firm that served as the debt collection agent for the loan and substitute trustee in the Foreclosure Action. *See* Compl. ¶¶ 8, 9, 10, 86. Plaintiff once again asks this Court to quiet title on the Property because the deed recorded by Johnson as a result of the purported transfer of the Property is void ab initio and, therefore, Deutsche Bank's subsequent mortgage liens are void as against the Property. *See id.* ¶¶ 103, 109, 116. Plaintiff also asserts violations of the FDCPA against BWW for falsely representing in a notice of foreclosure that she owed $576,877.71 on the Property, failing to verify the debt, and continuing debt collection efforts after she disputed the debt in writing.[9] *See id.* ¶¶ 117-25. Both Defendants moved to dismiss the action, ECF Nos. 9, 15, which Plaintiff opposed, ECF Nos. 12, 18. Reid has also moved for the Court to "Appoint a Mediator." ECF No. 20. The Court addresses the motions in turn.

## II. Defendants' Motions to Dismiss

Defendants principally argue that res judicata bars Reid's claims and thus dismissal is warranted.[10] *See* ECF Nos. 9-1 at 10-14, 15 at 8-10. Defendants are indisputably correct.

### a. Standard of Review

The Court construes a motion to dismiss on res judicata grounds as brought pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure. Such a motion tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). In analyzing a Rule 12(b)(6) motion, the court must view all

---

[9] The Plaintiff's FDCPA allegations in this suit are identical to her FDCPA claims in the Second Lawsuit. *Compare* ECF No. 9-10 ¶¶ 120-31, *with* Compl. ¶¶ 117-25.
[10] Because the Court dismisses this action on res judicata grounds, it need not reach Defendants' alternative arguments for dismissal.

7

well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

While courts must liberally construe a *pro se* litigant's claims, this requirement "does not transform the court into an advocate." *United States v. Wilson,* 699 F.3d 789, 797 (4th Cir. 2012). The United States Court of Appeals for the Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985)).

### b. *Res Judicata*

Res judicata, or claim preclusion, "bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citing 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). The doctrine was designed to protect "litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing

needless litigation." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161-62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).

Because the Court applies the substantive law on res judicata from the forum in which the prior judgment was entered, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984), the Court will apply Maryland law here.[11] In Maryland, a claim is barred as res judicata where: (1) the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) the current claim presented is identical to the claim that had been resolved in the prior dispute; and (3) the prior dispute resulted in a final judgment on the merits. *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (citing *Anne Arundel Cty. Bd. of Educ. V. Norville*, 887 A.2d 1029, 1037 (Md. 2005)).

The first element, identity of parties, is easily satisfied in this case. Reid was a named party in all four prior lawsuits. *See* ECF Nos. 9-7; 9-10; 9-12; 9-14. Defendant Deutsche Bank was a named party in the first three lawsuits, *see* ECF Nos. 9-7; 9-10; 9-12, and Defendant BWW was a named party in the Second Lawsuit, *see* ECF No. 9-10. Further, the Defendants are in privity with the named parties in the other lawsuits in which Defendants were not named parties. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000). As this Court concluded in the Plaintiff's Fourth Lawsuit, Deutsche Bank is in privity with Ocwen, the defendant named in that suit. ECF No. 9-15 at 8. Because Ocwen was the loan servicer for Deutsche Bank on Johnson's loan, the Court reasoned, the entities share a mutuality of interest with respect to the Property. *Id. See also Young v. Ditech Fin., LLC*, Civ. No. PX-16-3986, 2017 WL 3066198, at *6 (D. Md. July 19,

---

[11] The Court also notes that the elements for res judicata under Maryland law and federal law are essentially equivalent. *See Ohio Valley*, 556 F.3d at 210; *accord Anne Arundel Cty. Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005).

2017) (finding noteholder, substitute trustees, and loan servicer were in privity for res judicata purposes). For the same reason, BWW is in privity with both Deutsche Bank and Ocwen. BWW served as the substitute trustee and debt collection agent for Deutsche Bank on the Loan and, therefore, has an identical interest and legal right in the Property. *See id.; Oikemus v. Fid. Mortg. Serv's, Inc*., Civ. No. WMN-13-3899, 2014 WL 4272022, at *1 (D. Md. Aug. 28, 2014) (finding "holder or servicers of the Note and Deed of Trust" to be in privity with substitute trustees). Thus, the first element of res judicata is satisfied.

The second element is likewise met because the current and prior claims "arise out of the same transaction or series of transactions." *Laurel Sand & Gravel, Inc*., 519 F.3d at 162. When assessing this element, courts consider "whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Anyanwutaku*, 85 F. Supp. 2d at 571. Notably, res judicata bars claims that were *or could have* been brought in the original litigation. *Boyd v. Bowen*, 806 A.2d 314, 326 (Md. Ct. Spec. App. 2002) (citing *Gertz v. Anne Arundel Cty*., 661 A.2d 1157, 1161 (Md. 1995)).

In every suit, Reid sought to quiet title on the Property on the grounds that the deed underlying the mortgage was invalid. *See* ECF Nos. 9-7; 9-10; 9-12; 9-14. Reid seeks the same relief for the same reasons here. Similarly, as to the FDCPA allegations, her claims in this case and in prior litigation arise from her assertion that she is the rightful owner of the Property because the warranty deed to Johnson was void ab initio, and Defendants were without authority to foreclose on the Property.[12] *See Bullock v. Ocwen Loan Servicing, LLC*, Civ. No. PJM-14-

---

[12] Reid has always contended that her signature was forged on the Johnson conveyance or that the conveyance was otherwise effectuated through fraud. *See* Compl. at 12; ECF No. 9-7 at 17 ¶¶ 59-61; ECF No. 9-10 at 11-12 ¶¶ 59-61; ECF No. 9-12 at 1; ECF No. 9-14 at 2-3. The courts in the First and Second Lawsuits expressly considered and rejected this claim as immaterial because Reid's settlement with Deutsche Bank ratified the conveyance. *See* ECF

3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015). Accordingly, the identity of claims is clear and the second element is satisfied.

As to the third element, final determination on the merits, most salient is that "dismissals with prejudice—including those resulting from settlement agreements . . . are treated as final judgments on the merits for purposes of res judicata." *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 (D. Md. 2009). *See also Montgomery Cty. v. Revere Nat'l Corp, Inc.*, 671 A.2d 1, 7 (Md. 1996) (affirming that an order of dismissal following a settlement agreement is a final judgment precluding further litigation). The First Lawsuit concluded by judicial enforcement of the settlement agreement between Reid and Deutsche Bank which ratified the conveyance from Reid to Johnson, declared the Deed of Trust an enforceable lien on the Property, and dismissed Plaintiff's quiet title claim with prejudice. *Id.* The Court of Special Appeals thereafter affirmed the Circuit Court's decision enforcing the settlement. ECF No. 9-9. This Court in the Second Lawsuit, therefore, rightfully determined that the First Lawsuit ended with a final judgment on the merits. *See* ECF No. 9-11 at 5-6. In the present case, this Court has been given no reason to find otherwise. Because each element of res judicata is satisfied, the Court dismisses the Complaint with prejudice.

c. *Reid's Motion to Appoint a Mediator*

Reid also asks this Court by separate motion to appoint a mediator. ECF No. 20. The Court notes that Reid's motion is almost entirely a repackaging of the same arguments and contentions already raised throughout her many lawsuits. Reid also provides no justification to refer this case to mediation, especially when considering that her claims have been long since

---

No. 9-8 at 1; ECF No. 9-9 at 9-11; ECF No. 9-11 at 5-6. The court in the Fourth Lawsuit particularly noted that this theory has been "expressly rejected by three different courts." *See* ECF No. 9-15 at 2 n.3. Res judicata bars any similar claims resting on the same contentions in this case.

resolved by way of prior proceedings. *See* ECF No. 9-8. Finally, because the Court grants Defendants' Motions to Dismiss with prejudice, Reid's Motion is moot, and is denied as such.

## III.    *Conclusion*

For the foregoing reasons, the Defendants' Motions to Dismiss, ECF Nos. 9, 15, are granted. This case is dismissed **with prejudice**. Plaintiff's Motion Requesting the Court to Appoint a Mediator, ECF No. 20, is denied as moot. A separate order follows.

DATED this 20th day of September, 2018.

BY THE COURT:

/S/

Paula Xinis
United States District Judge